# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

James R. Edens (N-60262), )
    Plaintiff, ) 14 C 50056
     )
v. )
     ) Judge Philip G. Reinhard
John O'Brien, D.D.S., et al., )
    Defendants. )

## ORDER

For the reasons below, defendants' motion to dismiss count III [68] is granted.

## STATEMENT - OPINION

Plaintiff, James R. Edens, an inmate at Dixon Correctional Center, brings this civil rights case pursuant to 42 U.S.C. § 1983. In his second amended complaint, plaintiff asserts six claims under the Eighth Amendment. All of plaintiff's claims relate to his inability to obtain partial dentures while incarcerated. Plaintiff contends a number of defendants are liable for deliberate indifference and failing to provide adequate medical care. See [64]. He names John O'Brien, the Dental Department Supervisor at Dixon Correctional Center ("Dixon"), John Crisham, a dentist at Dixon, Tina O'Brien, a dental assistant at Dixon, Wexford Health Services, the corporation that handles medical care at Dixon, Louis Shicker, the Medical Director at Dixon and Nedra Chandler, the former Warden at Dixon, as defendants.

Count I of the second amended complaint asserts a claim against defendants John O'Brien, Tina O'Brien, and John Crisham. In count I, plaintiff alleges the aforementioned defendants are liable because they failed to provide plaintiff medically necessary partial dentures at the expense of the State. Count II of the second amended complaint is asserted against Wexford Health Services ("Wexford"). In count II, plaintiff claims Wexford has an unconstitutional policy of not providing medically necessary dentures to inmates. Count III is also asserted against Wexford and is labeled as a "respondeat superior" claim. In count III, plaintiff claims that Wexford is liable for the acts of its employees (John O'Brien, John Crisham, and Tina O'Brien). Count IV is asserted against defendant Shicker in his individual capacity. In count IV, plaintiff alleges that defendant Shicker was aware of plaintiff's serious medical need and failed to provide adequate medical care. Count V is an individual capacity claim against defendant Chandler. In count V, plaintiff alleges that defendant Chandler was apprised of plaintiff's medical condition and failed to address his pleas for medical attention. Count VI is asserted against all defendants in their official capacities. In count VI, plaintiff seeks injunctive relief and asks the court to arrange for plaintiff to receive partial dentures at the State's expense.

1

All defendants have answered the complaint. Defendant Wexford has answered the complaint with respect to counts II and VI, but has filed a motion to dismiss count III, plaintiff's respondeat superior claim. *See* [68]. In its motion to dismiss, Wexford argues that controlling precedent does not allow for respondeat superior claims in Section 1983 claims.

"To survive a motion to dismiss under Rule 12 (b)(6), the complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013) (internal quotation marks and citations omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citations omitted). In cases such as these, the inference of liability is only "speculative." *Id.*

Wexford contends that count III must be dismissed because Section 1983 does not provide for respondeat superior claims. Plaintiff, on the other hand, argues that recent precedent suggests that such claims should be permissible. He cites a handful of recent cases from this District, as support. However, the court finds none of plaintiff's support persuasive.

Plaintiff principally relies upon the Seventh Circuit's recent decision in *Shields v. Illinois Dept. Of Corrections*, 746 F.3d 782 (7th Cir. 2014). He contends the *Shields* court questioned the Seventh Circuit's prior decision *Iskander v. Village of Forest Park*, 690 F.2d 126 (7th Cir. 1982), and suggested that respondeat superior claims should be permissible in Section 1983 actions. (In *Iskander*, the Seventh Circuit expressly held that "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Id.* at 128.).

Despite plaintiff's suggestions to the contrary, the Seventh Circuit never overruled *Iskander*. Instead, in *Shields* the Seventh Circuit merely pondered whether "a new approach [was] needed [to determine] whether corporations should be insulated from respondeat superior liability under § 1983." *Shields*, 746 F.3d 795. In the end, the Seventh Circuit was clear that the law of this circuit "still extends *Monell* (and prevents respondeat superior liability) from municipalities to private corporations." *Id.* at 796. (citations omitted).

Nevertheless, plaintiff argues that his respondeat superior claim should survive dismissal. He cites a plethora of cases decided subsequent to *Shields* as support. *See* [81] at 6 (citing *Jacobs v. Ill. Dep't of Corr.*, No. 14-CV-00283-JPG, 2014 WL 1257910 (S.D. Ill. Mar. 27, 2014); *Liebich v. Hardy*, No. 11-C-5624, 2014 WL 1395957 (N.D. Ill. Apr. 10, 2014); *Barrow v. Wexford Health Services*, No. 14-CV-00800-NJR, 2014 WL 5032279 (S.D. Ill. Oct. 8, 2014); *Morland v. Ghosh*, No.12-CV-0500, 2014 WL 7204830 (N.D. Ill. Dec. 15, 2014). However, even as plaintiff admits, none of these cases have overruled *Iskander*. Indeed, in all of the cases mentioned above the plaintiff's Section 1983 respondeat superior claim was not be permissible. *See e.g.*, *Morland*, 2014 WL 1395957 at *1-2 (noting that a plaintiff's respondeat superior claim could not survive because "respondeat superior liability does not apply to private corporations under Section 1983.").

This court is no different than the ones mentioned above. It must follow existing precedent. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("[D]ecisions of a superior court are authoritative on inferior courts. Just as the court of appeals must follow decisions of the Supreme Court whether or not we agree with them, so district judges must follow the decisions of this court whether or not they agree.") (citations omitted). The Seventh Circuit has not overruled *Iskander* and the law of this circuit is that private corporations cannot be liable pursuant to Section 1983 under a respondeat superior theory. *Shields*, 746 F.3d 796. As such, plaintiff cannot proceed with his claim that Wexford is liable for the actions of its employees and Wexford's motion to dismiss count III [68] is granted.

For the reasons above, defendants' motion to dismiss count III [68] is granted.

Date: 2/19/2015            ENTER:

United States District Court Judge

Electronic Notices. (LC)