IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| James R. Edens, | ) | |
|---|---|---|
| | ) | Case No. 14 CV 50056 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John O'Brien, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendants. | ) | |

## ORDER

For the following reasons, plaintiff's motion for a rehearing [169] is denied.

## STATEMENT-OPINION

On August 9, 2016, this court granted the defendants' motions for summary judgment on the grounds that plaintiff failed to properly exhaust administrative remedies. *See* [165]. Currently before the court is plaintiff's motion for a rehearing [169], in which he contends that a rehearing is necessary. Plaintiff points out that this court's decision was based in part on the fact that plaintiff failed to acknowledge the ARB's request for additional information from him, either by indicating his position that no additional information was required or by attempting to supply the information by re-submitting his grievance to obtain the information. Plaintiff now points to a previously unacknowledged aspect of the ARB's request for additional information, in which ARB officer Sarah Johnson handwrote that plaintiff should submit the information "if within timeframe." *See* [169] at 2, 6. Because plaintiff was no longer within the timeframe for submitting his original grievance, he contends that he was strictly complying with the ARB's request, which was contingent upon having to submit the information only if it had been submitted within the relevant timeframe, which it had not. As such, according to plaintiff, by remaining silent he was in effect complying with the ARB's instructions, and it thereafter failed to act.

Plaintiff's motion was filed within 28 days of the court's judgment, and as such it must be construed under Fed. R. Civ. P. 59(e). *See Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742-43 (7th Cir. 2009). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (internal quotations omitted). Here, plaintiff points to the ARB's handwritten notes on the ARB response, which plaintiff did not discuss in opposing defendants' motion for summary judgment. That the handwritten notes changed the nature of whether

1

additional information was required is a new argument that could have been raised in the original summary judgment proceedings, but was not. "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Plaintiff's argument is thus not appropriate under Rule 59(e). *See id.*; *Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986) ("[A] motion for reconsideration is an improper vehicle to introduce evidence previously available or to tender new legal theories.").

In addition to plaintiff's failure to exhaust, and as an alternative basis, the court also declines to grant plaintiff's motion because summary judgment is justified for all defendants regardless. Although the court did not address the merits of plaintiff's claims because his failure to exhaust was a threshold and sufficient inquiry, the court finds that plaintiff has not raised a genuine issue of material fact as to whether defendants Tina O'Brien , Dr. O'Brien, Dr. Crisham, Wexford, Dr. Louis Shicker, and Warden Chandler were deliberately indifferent to his medical needs. The crux of plaintiff's argument was that he was entitled to free dentures and the various defendants failed to provide them to him. However, the undisputed facts establish that none of the defendants acted with deliberate indifference.

First, Tina O'Brien is a dental assistant, and there is no genuine issue of fact that she had the authority to provide plaintiff with his requested relief of free dentures, or impeded his ability to obtain them given that Dr. Crisham and Dr. O'Brien were aware of plaintiff's desire for new dentures. At best, Ms. O'Brien simply informed plaintiff of the prison's policies regarding payment for new dentures, which does not amount to deliberate indifference.

Dr. O'Brien's actions also did not amount to deliberate indifferent. The undisputed facts showed that he offered to refurbish plaintiff's dentures, and when plaintiff indicated that he had lost his dentures, he was informed that the dentures could be replaced at the labaratory's fabrication cost of $250. Moreover, Dr. O'Brien did not conclude that dentures were clinically necessary for plaintiff and plaintiff has not proffered any evidence or expert testimony to raise a genuine issue of fact as to whether Dr. O'Brien's medical judgment was "blatantly inappropriate" as to amount to deliberate indifference." *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015). The analysis is the same with Dr. Crisham, who also found that replacement dentures were not medically necessary for plaintiff, at least as of the last day of treatment on April 26, 2013, the last day Dr. Crisham had personal involvement in plaintiff's care.

The analysis for Wexford leads to the same result. At the very least, whether its policy of requiring inmates to pay for replacement dentures would amount to deliberate indifference in the case of an inmate for whom replacement dentures were found to be medically necessary, in this case the only expert testimony was that dentures were not a medical necessity for plaintiff. As such, Wexford's policies did not lead to an unconstitutional deprivation for plaintiff.

Dr. Louis Shicker, the Medical Director for the IDOC, received a letter from plaintiff complaining about dental treatment and sent a response indicating that the dentist would make an

assessment as to his clinical needs. Warden Chandler's only personal involvement was based on a single conversation with plaintiff, in which she also deferred to his medical providers' clinical judgment. Based on the undisputed facts, the court agrees with defendants that Dr. Shicker and Warden Chandler were entitled to show deference to plaintiff's medical providers and were not deliberately indifferent. *See McGee v. Adams*, 721 F.3d 474, 483 (7th Cir. 2013). Moreover, because the court finds that the care itself was not deliberately indifferent, these defendants were not the cause of a constitutional deprivation.

For the foregoing reasons, plaintiff's motion for a rehearing [169] is denied.

Date: 12/12/2016    ENTER:

*Philip G. Reinhard*

United States District Court Judge

Electronic Notices. (LC)

3