IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| James R. Edens, | ) |
| | ) Case No. 14 CV 50056 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| John O'Brien et al., | ) Judge Philip G. Reinhard |
| | ) |
| Defendants. | ) |

## ORDER

For the following reasons, plaintiff's objection to the defendant' bill of costs [183] is granted in part and denied in part. The court will award costs to Dr. Crisham, Dr. O'Brien, and Tina O'Brien under Fed. R. Civ. P. 54. However, the court agrees with plaintiff that certain costs should not be imposed. The court will reduce the costs for Dr. Crisham by $92.44, for a new total of $1,344.98. The court will also reduce the costs for Dr. O'Brien and Tina O'Brien by $1,357.32, for a new total of $2,659.20. Costs will be awarded at this time, but execution of the judgment on such costs will be stayed until plaintiff's economic circumstances improve, such that he is financially able to pay. If circumstances change, Dr. Crisham, Dr. O'Brien, and Tina O'Brien may move at that time to lift the stay.

## STATEMENT/OPINION

On August 9, 2016, this court granted the defendants' motions for summary judgment. *See* [165]. On September 7, 2016, defendants John O'Brien, D.D.S., Tina O'Brien, D.D.S., and Wexford Health Resources submitted a bill of costs [168], and on September 9, 2016, Dr. Crisham did so [170]. On October 19, 2016, plaintiff filed an objection. *See* [183].

In the objection, plaintiff first points out that this court has discretion as to whether to impose the costs at all. As plaintiff notes, the Seventh Circuit has held that a district court may consider a party's current and future indigence when ruling on a Fed. R. Civ. P. 54(d)(1) motion for a bill of costs. *See Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006). The Seventh Circuit specifically stated with regard to the indigence exception, however, that "we note that the exception is a narrow one. Rule 54(d)(1) provides a presumption that costs are awarded to the prevailing party, and the burden is on the non-prevailing party to overcome this presumption." *Id.*

According to *Rivera*, in order to find that a party cannot pay costs, the court must make two inquiries:
> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future. The

> burden is on the losing party to provide the district court with sufficient
> documentation to support such a finding. This documentation should include
> evidence in the form of an affidavit or other documentary evidence of both
> income and assets, as well as a schedule of expenses. Requiring a non-prevailing
> party to provide information about both income/assets and expenses will ensure
> that district courts have clear proof of the non-prevailing party's dire financial
> circumstances. Moreover, it will limit any incentive for litigants of modest means
> to portray themselves as indigent.

*Id.* at 635 (internal quotations omitted). If the losing party can make that first threshold finding,

> Second, the district court should consider the amount of costs, the good faith of
> the losing party, and the closeness and difficulty of the issues raised by a case
> when using its discretion to deny costs. No one factor is determinative, but the
> district court should provide an explanation for its decision to award or deny
> costs.

*Id.* at 635-36.

In *Rivera*, the Seventh Circuit cited with approval a district court case in which the losing plaintiff's affidavit showed that she was currently unable to pay costs but also showed "that the plaintiff had been employed in the past and had indicated a desire to continue to work, thus, the court held, it was possible that the plaintiff would again be gainfully employed in the future. The court awarded costs but stayed the execution of the judgment until the plaintiff's circumstances changed." *Id.* at 636 (citing *Denson v. Northeast Illinois Regional Commuter R.R. Corp.*, 2003 WL 21506946, at *2 (N.D. Ill. 2003) ("Costs will be awarded at this time, but execution of the judgment on such costs will be stayed. If circumstances change, [the prevailing party] may move at that time to lift the stay."). In *Rivera* itself, the Seventh Circuit overruled the district court's decision to deny costs, noting that the losing party was working full time and had an unclaimed judgment. Moreover, "[g]iven that [the losing party] did not provide the district court with a schedule of expenses and did not identify any basis for a finding that she will be incapable of paying the [prevailing party's] costs at some point in the future, the district court abused its discretion in denying the [prevailing party's] costs." *Id.* at 637.

Here, plaintiff filed an affidavit which shows that he does not currently have the ability to pay costs and likely will not have the ability until after January 22, 2017, until which time he is under house arrest. However, his affidavit does not persuade this court that he will be unable to find employment at any time in the future and as such that he will be incapable of paying costs at some point in the future. As such, the court finds that the appropriate course of action under *Rivera* is to find that costs are appropriate but that the execution should be stayed until the plaintiff's circumstances change.

Even if the court had proceeded to the second inquiry, the court would have found that the court's decision to grant summary judgment was not particularly close, as the court would have found that plaintiff had not raised a genuine issue of material fact even if he had exhausted his administrative remedies. *See* [169]. Plaintiff's somewhat extensive litigation history (the court counts at least four cases other than this one in which plaintiff was ultimately unsuccessful and at least one where he was successful) shows that he is familiar with the risks and benefits of civil litigation and that it is appropriate to hold him accountable for costs in those instances

where he is unsuccessful.  In particular, the court notes that in *Edens v. Larson, et al*, Case No. 00-CV-626-WDS (C.D. Ill.), in which he was successful, plaintiff was awarded costs.

      As such, costs will be awarded at this time, but execution of the judgment on such costs will be stayed until plaintiff's economic circumstances improve, such that he is financially able to pay.  If circumstances change, Dr. Crisham, Dr. O'Brien, and Tina O'Brien may move at that time to lift the stay.

      Moving on to the costs themselves, plaintiff points to a number of instances where he contends that the costs listed by the defendants are unreasonable.  With regard to Dr. Crisham, he points to several instances where Dr. Crisham charged for copies of pleadings, motions, and deposition transcripts, partially on the grounds that docketing in this case was electronic and thus paper copies were unnecessary.  However, pursuant to local rules, parties are required to send courtesy hard copies to this court.  In any case, the court will not deny costs of printing hard copies of motions and briefs unless they are duplicative.  Plaintiff has pointed to $52.69 for duplicative copies of transcripts, as well as $14.75 for a duplicative copy of the motion for summary judgment, as well as a $25 fee which is duplicative of an earlier charge for a transcript.  As such, the court will reduce the costs for Dr. Crisham by $92.44, for a new total of $1,344.98.

      With regard to Dr. O'Brien and Tina O'Brien, plaintiff points out that in addition to transcripts for depositions, defendants charged $842.00 for "photocopies," without specification as to what documents those consist of or for what purpose, but which appear to be at least in part duplicative of the transcript fees.  Because the lack of specification does not allow the court to determine which of these photocopies may have or may not have been duplicative, the court rules in favor of plaintiff on these expenses.  Further, plaintiff points to $478.14 and $37.18 in expenses for travel to depositions and meals, which are not taxable.  *See Estate of Borst v. O'Brien*, 979 F.2d 511, 517 (7th Cir. 1992).  The court agrees with plaintiff as to these expenses and as such the court will reduce the costs for Dr. O'Brien and Tina O'Brien by $1,357.32, for a new total of $2,659.20.

Date: 12/23/2016                ENTER:

                                        *Philip G. Reinhard*
                                    United States District Court Judge

                                            Electronic Notices.  (LC)